Eric D. Freed (efreed@cozen.com)
Joseph Ziemianski (jziemianski@cozen.com)
Abby Sher (asher@cozen.com)
Ethan Price-Livingston (eprice-livingston@cozen.com)
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, New York 10006

*Attorneys for Defendant*
*Great Northern Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————

|  |  |  |
|---|---|---|
| SCHJS, LLC, | : | |
| Plaintiff, | : | |
| | : | **ANSWER, AFFIRMATIVE** |
| | : | **DEFENSES, AND** |
| v. | : | **COUNTERCLAIM OF** |
| | : | **DEFENDANT GREAT** |
| | : | **NORTHERN INSURANCE** |
| | : | **COMPANY** |
| | : | |
| HISCOX INSURANCE COMPANY INC. and | : | No. 20-CV-1299 (RA) |
| GREAT NORTHERN INSURANCE COMPANY | : | |
| | : | |
| Defendants. | : | |

———————————————————————————

Defendant GREAT NORTHERN INSURANCE COMPANY ("Great Northern"), by and through its undersigned counsel, as and for its Answer, Affirmative Defenses, and Counterclaim against Plaintiff SCHJS, LLC ("Plaintiff" or "SCHJS"), answers and alleges as follows:

## INTRODUCTION

1.      Denied. Great Northern denies that it failed and refused to fulfill its insurance coverage obligations to Plaintiff. By way of further answer, the allegations in paragraph 1 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

2.      Admitted in part; denied in part. Great Northern admits that SCHJS is an entity formed by two partners: DSBT Holdings, LLC and Josh Schupak. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, and, therefore, the allegations are denied.

3.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and, therefore, the allegations are denied.

4.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and, therefore, the allegations are denied.

5.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and, therefore, the allegations are denied.

6.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6, and, therefore, the allegations are denied.

7.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and, therefore, the allegations are denied.

8.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and, therefore, the allegations are denied.

9.      Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and, therefore, the allegations are denied.

10.     Denied. The allegations in paragraph 10 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, therefore, the allegations are denied.

11.     Admitted in part; denied in part. Great Northern admits that Plaintiff purchased a valuable articles policy issued by Great Northern. The Great Northern Policy, a true and correct copy of which is attached hereto as Exhibit A, is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and, therefore, the allegations are denied.

12.     Admitted in part; denied in part. Great Northern admits that Plaintiff reported a claim to Great Northern on November 30, 2018. Great Northern denies that the report was "prompt" and is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's expectations and, therefore, those allegations are denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, the allegations are denied.

13.     Admitted in part; denied in part. Great Northern admits that it has not made any payment on SCHJS's coverage claim, and further admits that it denied coverage for Plaintiff's coverage claim by letter dated January 28, 2020. Great Northern also admits that Plaintiff

produced certain documents to Great Northern during the claim investigation. However, Great Northern denies that Plaintiff "fully cooperated" with Great Northern's investigation, and denies Plaintiff's characterization of Great Northern's investigation. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, as they relate to Hiscox, and, therefore, those allegations are denied.

14.     Admitted in part; denied in part. Great Northern admits only that Plaintiff seeks relief from the Court. Great Northern denies that Plaintiff is entitled to such relief or that Great Northern breached any obligation that it owed under a policy of insurance. Great Northern is without knowledge or information sufficient to form a belief as to whether Plaintiff suffered a loss, and the cause of any such loss and, therefore, the allegations are denied. By way of further answer, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, as they relate to Hiscox, and, therefore, those allegations are denied.

## THE PARTIES

15.     Admitted in part; denied in part. Great Northern admits that SCHJS is a limited liability company formed by two members: DSBT Holdings LLC and Josh Schupak. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, therefore, the allegations are denied.

16.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and, therefore, the allegations are denied.

17.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, therefore, the allegations are denied.

18.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, therefore, the allegations are denied.

19. Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and, therefore, the allegations are denied.

20. Admitted.

21. Denied. The allegations in paragraph 21 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and, therefore, the allegations are denied.

## JURISDICTION AND VENUE

22. Admitted.

23. Admitted.

## FACTUAL ALLEGATIONS

### I. Formation and Business of SCHJS

24. Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and, therefore, the allegations are denied.

25. Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and, therefore, the allegations are denied.

26. Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and, therefore, the allegations are denied.

27. Denied. To the extent the allegations in paragraph 27 reference the SCHJS Operating Agreement, that document is a writing, the terms of which speaks for itself, and is the best evidence of its contents. Any attempt by Plaintiff to characterize that document is denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and, therefore, the allegations are denied.

28.     Denied. To the extent the allegations in paragraph 28 reference the SCHJS Operating Agreement, that document is a writing, the terms of which speaks for itself, and is the best evidence of its contents. Any attempt by Plaintiff to characterize that document is denied.

29.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and, therefore, the allegations are denied.

30.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and, therefore, the allegations are denied.

31.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and, therefore, the allegations are denied.

32.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and, therefore, the allegations are denied.

33.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, therefore, the allegations are denied.

34.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and, therefore, the allegations are denied.

35.     Admitted in part; denied in part. Great Northern admits that, by email dated October 7, 2019, counsel for Plaintiff advised counsel for Great Northern that Plaintiff intended to withdraw from the insurance claim the wine purchased from Hajdu Wines in California. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 and, therefore, the allegations are denied.

36.     Denied. Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, therefore, the allegations are denied.

## II.     SCHJS Insurance Coverage

37.     Admitted in part; denied in part. Great Northern admits that Plaintiff reported a claim to Great Northern on November 30, 2018, under a policy of insurance issued by Great Northern to Plaintiff.  Great Northern further admits that it issued Masterpiece Valuable Articles Policy No. 14811109-01 to SCHJS for the July 2, 2018 to July 2, 2019 policy period. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied. By way of further answer, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, as they relate to Hiscox, and, therefore, those allegations are denied.

### A.  The Hiscox Policy

38.     Denied. The allegations in paragraph 38 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and, therefore, the allegations are denied.

39.     Denied. The allegations in paragraph 39 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and, therefore, the allegations are denied.

40.     Denied. The allegations in paragraph 40 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and, therefore, the allegations are denied.

41.     Denied. The allegations in paragraph 41 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, therefore, the allegations are denied.

42.     Denied. The allegations in paragraph 42 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, therefore, the allegations are denied.

43.     Denied. The allegations in paragraph 43 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and, therefore, the allegations are denied.

44.     Denied. The allegations in paragraph 44 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and, therefore, the allegations are denied.

45.     Denied. The allegations in paragraph 45 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and, therefore, the allegations are denied.

46.     Denied. The allegations in paragraph 46 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, therefore, the allegations are denied.

**B. The Great Northern Policy**

47.     Admitted in part; denied in part. Great Northern admits that it issued Masterpiece Valuable Articles Policy No. 14811109-01 to SCHJS for the July 2, 2018 to July 2, 2019 policy period. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied.

48.     Denied. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied.

49.     Denied. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied.

50.     Denied. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied.

51.     Denied. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied. Great Northern further denies that the Coverage

Summary of the Great Northern Policy does not identify a "person"; SCHJS qualifies as a "person" under New York law.

**III.     SCHJS's Claims to Defendants**

52.     Admitted in part; denied in part. Great Northern admits that Plaintiff reported a claim to Great Northern on November 30, 2018. Great Northern denies that the report was "prompt." By way of further answer, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 52, including those allegations that relate to Hiscox and, therefore, those allegations are denied.

53.     Admitted in part; denied in part. Great Northern admits that Plaintiff provided Great Northern with a May 21, 2019 Sworn Statement in Proof of Loss and a July 15, 2019 Proof of Loss Addendum. To the extent the allegations in paragraph 53 reference the Sworn Statement in Proof of Loss or the Proof of Loss Addendum, those documents are writings, the terms of which speak for themselves, and are the best evidence of their contents. Any attempt by Plaintiff to characterize those documents is denied. By way of further answer, Great Northern admits that Plaintiff produced certain documents to Great Northern during the claim investigation. However, Great Northern denies that Plaintiff provided it with "all possible information needed to adjust the claims." Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, the allegations are denied.

54.     Admitted in part; denied in part. Great Northern admits that it conducted Examinations under Oath and obtained recorded statements, in accordance with its rights under the Great Northern Policy. Great Northern admits that Mr. Sitt and Ms. Berkowitz submitted to Examinations under Oath, in accordance with their obligations under the Great Northern Policy. To the extent the allegations in paragraph 54 reference the testimony offered during those Examinations under Oath, the transcripts are writings, the terms of which speak for themselves,

and are the best evidence of their contents. Any attempt by Plaintiff to characterize those documents is denied. By way of further answer, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, therefore, the allegations are denied.

55.    Denied as stated. Great Northern admits that Plaintiff produced certain documents to Great Northern during the claim investigation. Great Northern admits that it denied coverage for SCHJS's coverage claim by letter dated January 28, 2020. Great Northern denies the remaining allegations in paragraph 55.

56.    Denied. The allegations in paragraph 56 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and, therefore, the allegations are denied.

57.    Denied. The allegations in paragraph 57 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and, therefore, the allegations are denied.

58.    Denied. The allegations in paragraph 58 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and, therefore, the allegations are denied.

59.    Admitted in part; denied in part. Great Northern admits only that, through this lawsuit, Plaintiff seeks coverage from the defendant insurers. The allegations in paragraph 59 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. Great Northern is without knowledge or sufficient to form a belief as to

the truth of allegations as they relate to Hiscox, and, therefore, those allegations are denied. The remaining allegations in paragraph 59 are denied.

## FIRST CAUSE OF ACTION

(Breach of Contract against Hiscox)

60. Great Northern repeats and incorporates by reference its responses to paragraphs 1 through 59 of Plaintiff's Complaint as if fully set forth herein.

61. Denied. The allegations in paragraph 61 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and, therefore, the allegations are denied.

62. Denied. The allegations in paragraph 62 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and, therefore, the allegations are denied.

63. Denied. The allegations in paragraph 63 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and, therefore, the allegations are denied.

64. Denied. The allegations in paragraph 64 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and, therefore, the allegations are denied.

65. Denied. The allegations in paragraph 65 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 65 and, therefore, the allegations are denied.

66.     Denied. The allegations in paragraph 66 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and, therefore, the allegations are denied.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment against Hiscox)

67.     Great Northern repeats and incorporates by reference its responses to paragraphs 1 through 66 of Plaintiff's Complaint as if fully set forth herein.

68.     Denied. The allegations in paragraph 68 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and, therefore, the allegations are denied.

69.     Denied. The allegations in paragraph 69 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and, therefore, the allegations are denied.

70.     Denied. The allegations in paragraph 70 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and, therefore, the allegations are denied.

71.     Denied. The allegations in paragraph 71 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 71 and, therefore, the allegations are denied.

72. Denied. The allegations in paragraph 72 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and, therefore, the allegations are denied.

73. Denied. The allegations in paragraph 73 are directed to Hiscox, and no response is required. To the extent a response is required, Great Northern is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and, therefore, the allegations are denied.

## THIRD CAUSE OF ACTION

(Breach of Contract against Great Northern)

74. Great Northern repeats and incorporates by reference its responses to paragraphs 1 through 73 of Plaintiff's Complaint as if fully set forth herein.

75. Admitted in part; denied in part. Great Northern admits that it issued Masterpiece Valuable Articles Policy No. 14811109-01 to SCHJS for the July 2, 2018 to July 2, 2019 policy period. By way of further answer, the allegations in paragraph 75 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

76. Admitted in part; denied in part. Great Northern admits that Plaintiff paid premiums under the Great Northern Policy and that Plaintiff reported a claim to Great Northern on November 30, 2018. By way of further answer, the allegations in paragraph 76 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

77.     Admitted in part; denied in part. Great Northern admits that the Coverage Summary on the Great Northern Policy lists the amount of blanket coverage as $5,000,000. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied.

78.     Denied.

79.     Admitted in part; denied in part. Great Northern admits that it has not made any payment on Plaintiff's coverage claim, and further admits that, for the reasons set forth in detail in its affirmative defenses and counterclaim, which are incorporated herein by reference, it denied coverage for Plaintiff's coverage claim by letter dated January 28, 2020. Great Northern denies that it breached the terms of the Great Northern Policy. By way of further answer, the allegations in paragraph 79 constitute conclusions of law to which no response is required and, therefore, the allegations are denied.

80.     Denied. The allegations in paragraph 80 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## FOURTH CAUSE OF ACTION

(Declaratory Judgment against Great Northern)

81.     Great Northern repeats and incorporates by reference its responses to paragraphs 1 through 80 of Plaintiff's Complaint as if fully set forth herein.

82.     Denied. The Great Northern Policy is a writing, the terms and conditions of which speak for themselves, and the document is the best evidence of its contents. Any attempt by Plaintiff to characterize the Great Northern Policy, including the scope or existence of coverages afforded by the Great Northern Policy, is denied. By way of further answer, the allegations in

paragraph 82 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

83.    Denied.

84.    Admitted.

85.    Denied. The allegations in paragraph 85 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

86.    Denied. The allegations in paragraph 86 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

87.    Denied. The allegations in paragraph 87 constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

88.    Plaintiff's WHEREFORE paragraph does not contain any factual allegations to which Great Northern is required to respond; however, Great Northern denies that Plaintiff is entitled to any relief whatsoever. By way of further response, the allegations in Plaintiff's WHEREFORE paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

*(Failure to State a Claim)*

89.    Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

*(No Covered Loss)*

90.    The Great Northern Policy provides "coverage against all risk of physical loss to your valuable articles anywhere in the world unless stated otherwise or an exclusion applies."

The Great Northern Policy defines "valuable articles" as "personal property you or a family member owns or possesses . . ."

91.     During the course of Great Northern's investigation, Plaintiff was not able to produce any records, purchase receipts, or proof that the "missing" whiskey was ever purchased.

92.     Despite repeated requests from Great Northern, Plaintiff failed to provide any information regarding the suppliers from whom the collection was supposedly purchased.

93.     Plaintiff acknowledged during the investigation and in its Complaint that the loss may have been occasioned by the failure of Mr. Schupak to purchase the "missing" whiskey, and not the "loss" of covered property.

94.     Despite repeated requests from Great Northern, Plaintiff failed to provide any evidence that the whiskey for which its claim is made ever existed, or that Mr. Schupak had ever acquired the whiskey for which claim is made.

95.     Plaintiff's claim for coverage is barred based on its failure to establish that a "physical loss to your valuable articles" ever occurred,  as required under the terms of the Great Northern Policy.

## THIRD AFFIRMATIVE DEFENSE

*(No Loss During Policy Period)*

96.     The Great Northern Policy provides coverage for the policy period of July 2, 2018 to July 2, 2019. The Great Northern Policy contains the following condition relative to the Policy Period:

**Policy period**
The effective dates of your policy are shown in the Coverage Summary. Those dates begin at 12:01 a.m. standard time at the mailing address shown. Each renewal period shall be for a similar term.

All coverages on this policy apply only to occurrences that take place while this policy is in effect.

97.     During the course of Great Northern's investigation, including through the sworn testimony of Joseph Sitt and Raizy Berkowitz during their respective Examinations Under Oath in support of Plaintiff's claim, Great Northern learned that all of the whiskey for which claim is made was allegedly purchased between 2013 and 2017, prior to the inception of the Great Northern Policy.

98.     During the course of Great Northern's investigation, including through the sworn testimony of Joseph Sitt and Raizy Berkowitz, it was determined that SCHJS was aware no later than sometime in 2017, prior to the inception of the Great Northern Policy,  that Mr. Schupak could not account for the whiskey that he had represented he would purchase.

99.     During her Examination Under Oath testimony, Ms. Berkowitz acknowledged that at the time she procured the Great Northern Policy on behalf of Plaintiff,  she failed to advise Plaintiff's insurance broker that portions of the collection were missing or unaccounted for.

100.    Even if the whiskey for which claim is made can be shown to have existed, Plaintiff has failed to establish that it was "lost"  during the policy period of the Great Northern Policy upon which claim is made, which had an inception date of July 2, 2018.

101.    Plaintiff's claim for coverage is barred based on its failure to prove, assuming a loss occurred, that such loss occurred during the Policy Period.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

*(Plaintiff's Violation of the Concealment or Fraud Condition Bars Coverage)*

102.    The Great Northern Policy under which Plaintiff seeks coverage contains the following condition:

**Concealment or fraud**

We do not provide coverage if you or any covered person has intentionally concealed or misrepresented any material fact relating to this policy before or after a loss. This condition does not apply to Vehicle Liability Coverage.

103.     Plaintiff, acting through Mr. Sitt and Ms. Berkowitz, intentionally concealed or misrepresented material facts relating to the Great Northern Policy at the time the Great Northern Policy was acquired, during their Examinations under Oath, and otherwise during Great Northern's investigation of the claim.

104.     During the course of Great Northern's investigation, Great Northern determined that, as early as 2017, Mr. Sitt sought to obtain a full accounting from Mr. Schupak detailing the whiskey that was a part of the SCHJS collection.

105.     Mr. Schupak promised to provide the accounting information to Mr. Sitt on several occasions, but failed to do so.

106.     Ms. Berkowitz testified in her Examination under Oath that she began to work with Brian Ward, a consultant for the Winston Art Group, to audit the SCHJS collection in May 2018, at the direction of Mr. Sitt.

107.     Mr. Ward located approximately $2,500,000 in whiskey in the storage facilities that he audited.

108.     Plaintiff did not produce any information to support its claim that any whiskey, beyond that which Mr. Ward located and inventoried, ever existed or was purchased by Mr. Schupak.

109.     In June 2018, Ms. Berkowitz communicated with the Lockton Agency to bind coverage on behalf of Plaintiff.

110.     At the time she procured the Great Northern Policy, Ms. Berkowitz did not disclose to the broker that a significant portion of the collection could not be located or that there were doubts regarding whether it had ever existed.

111.     The Great Northern Policy incepted on July 2, 2018.

112.     On November 30, 2018, Ms. Berkowitz submitted a claim to Great Northern for missing whiskey with an estimated value of $5,000,000.

113.     During the course of its investigation, Great Northern interviewed Morris Missry, Mr. Sitt's attorney. Mr. Missry disclosed that, during an October 14, 2018 meeting with Mr. Schupak, Mr. Schupak admitted that he never purchased at least $3,000,000 of the "missing" whiskey; the portion of the whiskey collection that Mr. Schupak was supposed to have bought using his own funds.

114.     Nine days later, in an email dated October 23, 2018, Mr. Missry accused Mr. Schupak of "defraud[ing]" Mr. Sitt.

115.     Mr. Ward advised, in a recorded statement, that Ms. Berkowitz told him in late 2018 that Mr. Schupak had admitted that he had not purchased all of the whiskey on the inventory list that he had provided to Mr. Sitt. Plaintiff was therefore aware of this admission before the claim was submitted by Ms. Berkowitz.

116.     Ms. Berkowitz reported the claim to Great Northern on behalf of Plaintiff in November 2018, *after* Mr. Schupak admitted that he did not purchase $3,000,000 of the supposedly missing whiskey, and *after* she was aware that a substantial portion of the collection could not be located.

117.     During the claim submission and evaluation process, including during their Examinations Under Oath,  neither Mr. Sitt nor Ms. Berkowitz, acting on behalf of Plaintiff, disclosed that Mr. Schupak had made this admission to Mr. Missry . During their Examinations Under Oath, Mr. Sitt and Ms. Berkowitz both falsely denied knowing why Mr. Missry had accused Mr. Schupak of defrauding Mr. Sitt in his October 23, 2018 email to Mr. Schupak.

118.     Plaintiff, through Mr. Sitt and Ms. Berkowitz, concealed the fact that they knew a significant portion of the collection was missing at the time it procured the Great Northern Policy, and continued to pursue the claim even after determining that at least $3 million worth of the allegedly missing whiskey was never purchased by Mr. Schupak.

119.     Plaintiff continues to pursue coverage from Great Northern despite acknowledging, in Paragraph 9 of the Complaint that "[t]he simplest explanation is that Mr. Schupak simply stole the balance of the funds Mr. Sitt provided or that he used the funds to buy whiskey or wine that he then stole from SCHJS."

120.     Each of the aforementioned material concealments and misrepresentations by Plaintiff violated the "Concealment or fraud" Condition of the Great Northern Policy set forth above, thereby barring all coverage under the Great Northern Policy, and barring any recovery under the Great Northern Policy.

121.     Great Northern reserves the right to supplement and amend the summary of Plaintiff's intentional material concealments and misrepresentations as may be further revealed through discovery in this action.

## FIFTH AFFIRMATIVE DEFENSE

*(Plaintiff's Violation of Examination under Oath Condition Bars Coverage)*

122.     The Great Northern Policy under which Plaintiff seeks coverage contains the following condition:

> **Your duties after a loss**
> If you have a loss this policy may cover, you must perform these duties:
>
> **Notification.** You must notify us or your agent of your loss as soon as possible.
>
> **Protect property.** You must take all reasonable means that are necessary to protect property from further loss or damage.

**Prepare an inventory.** You must prepare an inventory of damaged personal property, describing the property in full. It should show in detail the amount insured under this policy and actual amount of the loss. Attach bills, receipts, and other documents to support your inventory.

**Display property.** You must show us the damaged property when we ask.

**Examination under oath.** We have the right to examine separately under oath as often as we may reasonably require you, family members and any other members of your household and have them subscribe the same. We may also ask you to give us a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies.

**Proof of loss.** You must submit to us, within 60 days after we request, your signed, sworn proof of loss which documents, to the bets of your knowledge and belief:

- the time and cause of loss;
- interest of the insured and all others in the property involved and all liens on the property;
- other insurance which may cover the loss;
- changes in title or occupancy of the property during the term of the policy;
- specifications of any damaged buildings and estimates for their repair;
- receipts for additional living expenses incurred and records supporting any fair rental value loss; and
- evidence or affidavit supporting a claim under the Credit Cards, Bank Cards, Fund Transfer Cards, Forgery and Counterfeit Money Coverage, stating the amount and cause of loss.

123. Plaintiff's claim for coverage is barred to the extent Plaintiff has not complied with the "Your duties after a loss" section of the Property Conditions part of the Great Northern Policy.

124. On multiple occasions during the course of its investigation of the Claim, Great Northern informed Mr. Schupak of his obligation under the Policy to provide information and documents in support of the Claim, and his obligation to submit to Examination Under Oath.

125. No coverage is available for Plaintiff's claim because Mr. Schupak, a member of SCHJS, failed to submit documents requested by Great Northern pursuant to the Policy provisions referenced above, and refused to submit to a duly noticed Examination Under Oath.

## SIXTH AFFIRMATIVE DEFENSE

### *(Lack of an Insurable Interest)*

126.     The Great Northern Policy under which Plaintiff seeks coverage contains the

following condition:

**Insurable Interest**
We will not pay for any loss to property in which you or a family member does
not have an insurable interest at the time of the loss.

If more than one person has an insurable interest in covered property, we will not
pay for an amount greater than your interest, up to the amount of coverage that
applies.

127.     Without admitting any liability whatsoever to Plaintiff or the amount of same,

Plaintiff's damages may be barred or limited based on the Great Northern Policy's conditions

relating to insurable interest, and on the basis that Plaintiff lacked an insurable interest in the

property it claims was covered under the Great Northern Policy.

## SEVENTH AFFIRMATIVE DEFENSE

### *(Suit Limitation Provision Bars Coverage)*

128.     The Great Northern Policy under which Plaintiff seeks coverage contains the

following condition in the Special Conditions Section:

**Legal action against us**
You agree not to bring legal action against us unless you have first complied with
all conditions of this policy. Except for vehicle coverage, you also agree to bring
any action against us within two years after a loss occurs.

129.     Plaintiff's claim is barred in whole or in part by the "Legal action against us"

provision contained in the Great Northern Policy.

## EIGHTH AFFIRMATIVE DEFENSE

### *(Intentional Acts Exclusion)*

130.     The Valuable Articles Coverage of the Great Northern Policy is subject to an

exclusion for intentional acts which provides:

**Intentional acts.** We do not cover any loss caused intentionally by a person named in the Coverage Summary, that person's spouse, a family member or a person who lives with you. We also do not cover any loss caused intentionally by a person directed by a person who lives with you. But we do provide coverage for you or a family member who is not directly or indirectly responsible for causing the intentional loss. An intentional act is one whose consequences could have been foreseen by a reasonable person.

131.     SCHJS qualifies as a "person" under New York law.

132.     To the extent that the facts uncovered and learned during discovery to be conducted in this action establish that any loss was caused intentionally by SCHJS, and otherwise support the application of the intentional acts exclusion, that exclusion bars coverage for Plaintiff's claim.

## NINTH AFFIRMATIVE DEFENSE

*(Misappropriation Exclusion)*

133.     The Valuable Articles Coverage of the Great Northern Policy is subject to an exclusion for misappropriation which provides:

**Misappropriation**. We do not cover any loss caused by the taking or other misappropriation by or directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you. This exclusion does not apply to the taking or other misappropriation by your domestic workers, guests or tenants, unless the misappropriation was directed by a person named in the Coverage Summary, that person's spouse, a family member, or a person who lives with you.

134.     SCHJS qualifies as a "person" under New York law.

135.     To the extent that the facts uncovered and learned during litigation discovery to be conducted in this action establish that any loss was caused by the taking or other misappropriation by or directed by SCHJS, and otherwise support the application of the misappropriation exclusion, that exclusion bars coverage for Plaintiff's claim.

## TENTH AFFIRMATIVE DEFENSE

*(Waiver, Res Judicata, Estoppel, Issue Preclusion, Laches, Release,
Accord and Satisfaction, Ratification and/or Unclean Hands Bar Coverage)*

136.    To the extent the doctrines of waiver, res judicata, estoppel, and/or quasi-estoppel, collateral estoppel, judicial estoppel, issue preclusion, laches, release, accord and satisfaction, ratification, and/or unclean hands are applicable, those doctrines bar coverage for Plaintiff's claim.

## ELEVENTH AFFIRMATIVE DEFENSE

*(Failure to Mitigate Damages)*

137.    Without admitting any liability whatsoever to Plaintiff or the amount of same, Plaintiff's damages may be barred or limited by Plaintiff's failure to mitigate its damages at the time of and after the loss.

## TWELFTH AFFIRMATIVE DEFENSE

*(Policy Terms, Conditions, and Exclusions Control Recovery)*

138.    Without admitting any liability whatsoever to Plaintiff or the amount of same, Great Northern avers that any amounts that may be determined to be recoverable by Plaintiff under the Great Northern Policy are subject to all of the Great Northern Policy's terms, conditions, and exclusions.

## THIRTEENTH AFFIRMATIVE DEFENSE

*(Blanket Limit Per Item)*

139.    Without admitting any liability whatsoever to Plaintiff or the amount of same, Plaintiff's loss, if any, is subject to the Great Northern Policy's $50,000 "Blanket Limit Per Item."

## FOURTEENTH AFFIRMATIVE DEFENSE

### *(Credit and Limitation of Damages)*

140.     Without admitting any liability whatsoever to Plaintiff or the amount of same, Great Northern is entitled to a credit, reduction, offset, and/or limitation of damages pursuant to the Great Northern Policy or otherwise for any amounts made to Plaintiff by Hiscox or any other insurer.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *(Right to Amend)*

141.     Subject to the Federal Rules of Civil Procedure and Court Orders, Great Northern reserves the right to amend this Answer, including, but not limited to, by adding affirmative defenses and counterclaims that may be appropriate based upon additional facts uncovered and learned through discovery in this action.

## COUNTERCLAIMS AGAINST SCHJS

## COUNT I – Declaratory Relief

142.     Defendant/Counterclaim Plaintiff Great Northern Insurance Company ("Great Northern") repeats and incorporates by reference all of its answers to Plaintiff/Counterclaim Defendant SCHJS's ("Plaintiff" or "SCHJS") allegations in the Complaint and all of Great Northern's Affirmative Defenses asserted above as if set forth fully herein.

143.     On or about November 30, 2018, Plaintiff/Counterclaim Defendant SCHJS presented a claim to Great Northern for missing whiskey.

144.     Great Northern timely responded to and investigated Plaintiff's claim.

145.     As part of its investigation, Great Northern's representatives evaluated the documentary evidence submitted by Plaintiff in response to requests for information, took

recorded statements of certain witnesses, and examined Joseph Sitt and Raizy Berkowitz under oath.

146.     Josh Schupak, a member of SCHJS, refused to cooperate or submit to an examination under oath, in violation of the Great Northern Policy's "Your duties after a loss" condition.

147.     During the course of Great Northern's investigation of Plaintiff's claim, Mr. Sitt and Ms. Berkowitz made intentional material concealments and misrepresentations to Great Northern relating to the Policy as outlined above in Great Northern's Fourth Affirmative Defense, incorporated herein by reference, in violation of the Policy's Concealment or fraud condition.

148.     Great Northern determined through its investigation that there is no evidence that the whiskey for which the claim is made ever existed and no evidence that the whiskey for which the claim is made was ever acquired as property of Plaintiff.

149.     Great Northern further determined through its investigation that, even if there was a loss of whiskey, that loss did not take place during the Policy period.

WHEREFORE, Defendant/Counterclaim Plaintiff Great Northern Insurance Company demands that judgment be entered in favor of Great Northern, and against Plaintiff/Counterclaim Defendant SCHJS, declaring that Plaintiff did not sustain a covered loss during the Policy period, and that Plaintiff otherwise breached the Great Northern Policy's "Concealment or fraud" and "Your duties after a loss" conditions, and awarding all such other relief as this Court deems appropriate.

## COUNT II – Breach of Contract

150.     Defendant/Counterclaim Plaintiff Great Northern repeats and incorporates by references all of its answers to Plaintiff/Counterclaim Defendant SCHJS's allegations in the

Complaint and all of Great Northern's Affirmative Defenses and Counterclaims asserted above as if set forth fully herein.

151.    On or about November 30, 2018, Plaintiff presented a claim to Great Northern for missing whiskey.

152.    Great Northern timely responded to and investigated Plaintiff's claim.

153.    As part of its investigation, Great Northern's representatives evaluated the documentary evidence submitted by Plaintiff in response to requests for information, took recorded statements of certain witnesses, and examined Joseph Sitt and Raizy Berkowitz under oath.

154.    Josh Schupak, a member of SCHJS, refused to cooperate or submit to an examination under oath, in violation of the Great Northern Policy's "Your duties after a loss" condition.

155.    During the course of Great Northern's investigation of Plaintiff's claim, Mr. Sitt and Ms. Berkowitz made intentional material concealments and misrepresentations to Great Northern relating to the Policy as outlined above in Great Northern's Fourth Affirmative Defense.

156.    The aforementioned intentional and material concealments and misrepresentations made to Great Northern by Plaintiff regarding the Policy and the Claim were known by Plaintiff and its agents to be incorrect and false at the times that the concealments and misrepresentations were made.

157.    By virtue of these intentional material concealments and misrepresentations, Plaintiff violated the "Concealment or fraud" provision of the Great Northern Policy, thereby breaching the Great Northern Policy.

WHEREFORE, Defendant/Counterclaim Plaintiff Great Northern Insurance Company demands that judgment be entered in favor of Great Northern, and against Plaintiff/Counterclaim Defendant SCHJS, finding that Plaintiff breached the Great Northern Policy's "Concealment or fraud" and "Your duties after a loss" conditions. Defendant/Counterclaim Plaintiff Great Northern Insurance Company further requests that the Court award Defendant/Counterclaim Plaintiff compensatory damages, investigative expenses, including attorney fees incurred during the investigation, together with interest, costs and attorneys' fees and such other relief as this Court deems appropriate.

## JURY DEMAND

Defendant/Counterclaim Plaintiff Great Northern Insurance Company hereby demands a trial by jury on all issues so triable.

Dated: March 25, 2020

Respectfully Submitted,

COZEN O'CONNOR

*/s/ Ethan Price-Livingston*
Ethan Price-Livingston (EP0853)
Eric D. Freed *(Admitted Pro Hac Vice)*
Joseph Ziemianski *(Admitted Pro Hac Vice)*
Abby Sher *(Admitted Pro Hac Vice)*
45 Broadway, 16th Floor
New York, New York 10006
Telephone: (212) 453-3816
Facsimile: (917) 512-4535
*Attorneys for Defendant,*
*Great Northern Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2020 I electronically filed the foregoing ANSWER,

AFFIRMATIVE DEFENSES, and COUNTERCLAIM OF DEFENDANT GREAT

NORTHERN INSURANCE COMPANY with the United States District Court Southern District

of New York by using the CM/ECF system with a copy served upon all Counsel of Record.


Dated:  March 25, 2020                      */s/ Ethan Price-Livingston*
                                          Ethan Price-Livingston