Robin L. Cohen (rcohen@mckoolsmith.com)
Kenneth H. Frenchman (kfrenchman@mckoolsmith.com)
Alexander M. Sugzda (asugzda@mckoolsmith.com)
MCKOOL SMITH, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001

*Attorneys for Plaintiff SCHJS LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SCHJS LLC, <br><br> Plaintiff, <br><br> v. <br><br> HISCOX INSURANCE COMPANY INC. and <br> GREAT NORTHERN INSURANCE COMPANY, <br><br> Defendants. | Civil Action No.: 20-CV-1299 (RA) <br><br> **SCHJS LLC's ANSWER TO THE COUNTERCLAIM OF GREAT NORTHERN INSURANCE COMPANY** |

---

Plaintiff/Counterclaim Defendant SCHJS LLC ("SCHJS"), by and through its undersigned counsel, as and for its Answer to Great Northern Insurance Company's ("Great Northern")[1] Counterclaim, alleges as follows:

**COUNT I – Declaratory Relief**

142.  SCHJS repeats and incorporates by reference all of the allegations made in its Complaint as if fully set forth herein.

143.  Admitted.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in SCHJS's Complaint. Dkt. 1.

1

144. Admitted in part and denied in part. SCHJS admits that Great Northern timely responded to its initial notice of claim, but denies the remainder of the allegations in Paragraph 144.

145. Admitted in part and denied in part. SCHJS admits that Great Northern's representatives took statements of certain witnesses and examined Joseph Sitt and Raizy Berkowitz under oath. SCHJS lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 145 and, on that basis, denies those allegations.

146. To the extent the allegations set forth in paragraph 146 form a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, SCHJS lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 146 and, on that basis, denies those allegations.

147. SCHJS denies the allegations set forth in paragraph 147.

148. SCHJS denies the allegations set forth in paragraph 148.

149. SCHJS denies the allegations set forth in paragraph 149.

SCHJS denies that Great Northern is entitled to any of the relief it seeks in Count I.

## **COUNT II – Breach of Contract**

150. SCHJS repeats and incorporates by reference all of the allegations in its Complaint and the foregoing paragraphs as if fully set forth herein.

151. Admitted.

152. Admitted in part and denied in part. SCHJS admits that Great Northern timely responded to its initial notice of claim, but denies the remainder of the allegations in Paragraph 152.

153. Admitted in part and denied in part. SCHJS admits that Great Northern's representatives took statements of certain witnesses and examined Joseph Sitt and Raizy

Berkowitz under oath. SCHJS lacks knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 153 and, on that basis, denies those allegations

154. To the extent the allegations set forth in paragraph 154 form a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, SCHJS lacks knowledge or information to form a belief as to the truth of the allegations in paragraph 154 and, on that basis, denies those allegations.

155. SCHJS denies the allegations set forth in paragraph 155.

156. SCHJS denies the allegations set forth in paragraph 156.

157. To the extent the allegations set forth in paragraph 157 form a legal conclusion, no responsive pleading is required. To the extent a responsive pleading is required, SCHJS denies the allegations set forth in paragraph 157.

SCHJS denies that Great Northern is entitled to any of the relief it seeks in Count II.

## AFFIRMATIVE DEFENSES

SCHJS, as further and separate defenses to Great Northern's Counterclaim, alleges the following Affirmative Defenses. By listing these defenses, SCHJS does not assume the burden of proving any matter upon which any party bears the burden pursuant to applicable law.

## FIRST AFFIRMATIVE DEFENSE

Great Northern's Counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Great Northern's Counterclaim is barred because Great Northern has breached the terms and conditions of the Great Northern Policy issued to SCHJS by failing to provide coverage for a covered loss.

### THIRD AFFIRMATIVE DEFENSE

Great Northern's Counterclaim is barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, collateral estoppel, res judicata, and or/or judicial estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Great Northern's Counterclaim is barred, in whole or in part, to the extent Great Northern failed to act in a manner consistent with its obligations of good faith and fair dealing.

### FIFTH AFFIRMATIVE DEFENSE

Great Northern's Counterclaim is barred, in whole or in part, to the extent that Great Northern destroyed evidence, lost evidence, allowed evidence to be lost, suppressed evidence, or failed to preserve evidence.

### SIXTH AFFIRMATIVE DEFENSE

SCHJS has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. SCHJS reserves the right to amend or seek to amend its Answer to Great Northern's Counterclaim and/or Affirmative Defenses.

| | |
|---|---|
| Dated: New York, New York<br>April 15, 2020 | MCKOOL SMITH, P.C.<br><br>/s/ Robin L. Cohen<br>Robin L. Cohen<br>Kenneth H. Frenchman<br>Alexander M. Sugzda<br>One Manhattan West<br>395 9th Avenue, 50th Floor<br>New York, New York 10001<br>Tel: (212) 402-9400<br>Fax: (212) 402-9444<br>rcohen@mckoolsmith.com<br>kfrenchman@mckoolsmith.com<br>asugzda@mckoolsmith.com<br><br>*Attorneys for Plaintiff SCHJS LLC* |