UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――X
SCHJS LLC                                            .        Case No.: 20-CV-1299 (RA)

                                    Plaintiffs,

   -against-                                                         **SO ORDERED**
                                                                                               **STIPULATION OF**
                                                                                               **CONFIDENTIALITY**

HISCOX INSURANCE COMPANY INC. and GREAT
NORTHERN INSURANCE COMPANY,

                                    Defendants.
―――――――――――――――――――――――――――X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel of record for the parties hereto as follows:

      1.    The parties acknowledge that discovery in this action may require disclosure of trade secrets or other confidential research, financial, proprietary or commercial information. The parties and their counsel, in consideration of their respective privacy interests in such disclosure, have agreed as follows:

      2.    Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "CONFIDENTIAL" any documents, testimony or other discovery material that contains confidential information. The parties shall not designate material as "CONFIDENTIAL" unless it comprises or contains sensitive technical, scientific, marketing, financial, proprietary, sales or other confidential information.

      3.    All discovery material exchanged between the parties in this action, whether designated under provisions of this Stipulation or not, shall not be used for any business,

commercial, competitive, personal or other purpose other than the prosecution or defense of the claims in this action.

4. "CONFIDENTIAL" material, as used in this Stipulation, shall refer to any so designated document, testimony or other discovery material, and all copies thereof, whether produced by a party or non-party, and shall also refer to the information contained in such material.

5. All persons receiving "CONFIDENTIAL" material shall take all steps reasonably necessary to prevent the disclosure of such material to anyone other than persons identified below.

6. Material marked or otherwise designated as "CONFIDENTIAL" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

> a. personnel of the party actually engaged in assisting in the preparation of this action or other proceedings herein and who have been advised of their obligations hereunder;
>
> b. counsel for the parties to this action and other proceedings herein and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action or other proceeding herein, and are under the supervision and control of such counsel, and who have been advised by such counsel of their obligations hereunder;

c. expert witnesses or consultants retained by the parties or their counsel to furnish expert or technical services in connection with this action or other proceedings herein or whom give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein;

d. the Court and court personnel;

e. an officer before whom a deposition is taken, including stenographic reporters and necessary secretarial, clerical, or other personnel of such officer;

f. trial and deposition witnesses;

g. translators, duplicating services, auxiliary services of like nature, routinely engaged by counsel;

h. present officers or employees of a party to this litigation to the extent necessary for the prosecution or defense of claims made in this action;

i. any individual or entity retained by the parties to conduct alternative dispute resolution proceedings; and

j. any other person agreed to by the parties.

Material marked or otherwise designated "CONFIDENTIAL" shall not be disclosed to persons in category 5(c) until such persons have executed the agreement in the form of Exhibit A attached hereto.

7. The parties hereto agree that if any person not authorized to receive confidential information under the terms of this Stipulation is present at any deposition in this action or at a hearing, trial or other Court proceeding, that person shall be asked to leave that proceeding for the period of time during which such information is the subject of questioning.

8. The attorneys of record for a party who wishes to disclose information as "CONFIDENTIAL" to persons other than those identified in Paragraph 6, if permitted by law, shall notify the attorneys of record for the other party. The attorneys shall discuss in good faith whether disclosure may be made. If counsel cannot agree, the party seeking disclosure shall move the Court, on reasonable notice, for an Order permitting disclosure. No disclosure of the information to persons other than those identified in Paragraph 6 shall be made pending a ruling by the Court.

9. A party shall not be obligated to challenge the propriety of the designation of information as "CONFIDENTIAL" at the time made, and failure to do so shall not preclude a later challenge thereof. If a party challenges such a designation, it shall send or give notice to the producing party and shall attempt in good faith to resolve any challenge on an expedited and informal basis. The party which designated such information as "CONFIDENTIAL" shall have the burden of proof as to the validity of each such designation. The information at issue shall continue to be treated as "CONFIDENTIAL" until such time as counsel reach an agreement or the Court makes a determination.

10. Discovery material produced without the designation of "CONFIDENTIAL" may be designated as "CONFIDENTIAL" subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party shall use its best efforts to promptly collect any copies that have been provided to individuals other than those identified in Paragraph 6 of this Stipulation. For the

purposes of this Paragraph, material will be deemed to be "CONFIDENTIAL" as of the date upon which notice of the designation is received.

11. A party may designate deposition transcripts, or portions thereof, "CONFIDENTIAL" during the deposition or within fifteen (15) days from receipt of the transcript of the deposition.

12. No "CONFIDENTIAL" material shall be filed in the public record of this action, unless there is an agreement between the parties. Any party filing material designated as CONFIDENTIAL pursuant to this Protective Order shall take the steps required by the Office of the Clerk of the United States District Court of the Southern District of New York for the filing of documents under seal to ensure that such material is properly with the Clerk's office filed under seal.

13. All counsel agree to apprise the Court of any CONFIDENTIAL documents to be used at a hearing or trial and to work out a method to allow for the use of such documents, with all counsel retaining all evidentiary objections, while at the same time maintaining the confidentiality of such documents as protected by the Agreement.

14. At the conclusion of this case, all material produced pursuant to discovery, and all copies thereof, shall be returned to the producing party, or, at the request of the producing party, opposing counsel shall certify in writing that such materials have been destroyed, except that Counsel of record may retain one set of all papers filed with the Court, including confidential discovery material.

15. This Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by a Court Order, or by written agreement of the parties.

Dated: New York, New York
       June 16, 2020

Any party seeking to file documents under seal or in redacted form shall comply with Rule 5A of this Court's Individual Rules & Practices in Civil Cases.

SO ORDERED.

Hon. Ronnie Abrams
6/17/2020

COZEN O'CONNOR

/s/ Ethan Price-Livingston
Ethan Price-Livingston (EP0853)
Eric D. Freed *(Admitted Pro Hac Vice)*
Joseph Ziemianski *(Admitted Pro Hac Vice)*
Abby Sher *(Admitted Pro Hac Vice)*
45 Broadway, 16th Floor
New York, New York 10006
Tel: (212) 453-3816 / Fax: (917) 512-4535

*Attorneys for Defendant, Great Northern Insurance Company*

MCKOOL SMITH, P.C.

/s/ Robin L. Cohen
Robin L. Cohen
Kenneth H. Frenchman
Alexander M. Sugzda
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Tel: (212) 402-9400 / Fax: (212) 402-9444
rcohen@mckoolsmith.com
kfrenchman@mckoolsmith.com
asugzda@mckoolsmith.com

*Attorneys for Plaintiff SCHJS LLC*

GOLDBERG SEGALLA LLP

/s/ Joseph A. Oliva
Joseph A. Oliva, Esq.
Steven Nassi, Esq.
M. Regina Phillips, Esq.
711 3rd Avenue, Suite 1900
New York, New York 10017
Tel: (646) 292-8700
joliva@goldbergsegalla.com
rphillips@goldbergsegalla.com
snassi@goldbergsegalla.com

*Attorneys for Defendant, Hiscox Insurance Company*

## **EXHIBIT A**

The undersigned declares under penalty of perjury,

1. I have been asked by counsel for one of the parties in the action entitled SCHJS LLC v. HISCOX INSURANCE COMPANY, INC. and GREAT NORTHERN INSURANCE COMPANY pending in the United States District Court for the Southern District of New York, Case No.: 20-cv-1299 (RA), to receive, see or review certain materials or information that have been designated as "CONFIDENTIAL" within the terms of the "Stipulation of Confidentiality" in the above-entitled action.

2. As a prior condition to my being permitted to receive, see or review any materials marked "CONFIDENTIAL," I have read the afore-mentioned Stipulation, and I agree to be bound by its terms.

Dated: _____

_____
Printed Name

26643297.v1
26777275.v1